THE STATE OF OHIO, APPELLEE, *v.* RADEY, APPELLANT.

(No. 1756—Decided May 24, 1989.)

*John J. Lohn,* city prosecutor, for appellee.

*James L. Wagner,* for appellant.

REECE, J. Defendant-appellant, Richard A. Radey, was arrested by members of the Medina Police Department after he had sold ten greeting cards to two Medina police officers. The greeting cards were sold in a

novelty shop known as "Sweet Revenge." Radey, the owner of the establishment, was charged with pandering obscenity in violation of R.C. 2907.32(A)(2).

All of the cards have photographic depictions accompanied by captions. The captions are either sexually suggestive or explicit. In only one is there an expressly vulgar word. The photographs often show nude male or female figures and in most cases show one or the other's genitals. In none of the cards is penetration, however slight, depicted. Nor is there a showing of contact between a mouth or tongue and a penis, vagina or anus.

Depending on one's viewpoint, the cards are either humorous or disgusting.

After a jury trial Radey was found guilty and now appeals.

This court is obligated to make an independent, *de novo* judgment as to whether the material involved is constitutionally protected. *Miller* v. *California* (1973), 413 U.S. 15, 25; *Jacobellis* v. *Ohio* (1964), 378 U.S. 184, 187-190. "* * * '[N]o one will be subject to prosecution for the sale or exposure of obscene materials unless these materials depict or describe patently offensive "hard core" sexual conduct * * *.'* * *" *Jenkins* v. *Georgia* (1974), 418 U.S. 153, 160, citing *Miller, supra,* at 27.

In *Miller,* the Supreme Court set forth the current test for determining whether challenged materials are obscene. *Miller* stated the test for judging whether material is obscene as follows:

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest * * *; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. * * *" *Miller, supra,* at 24.

In *Pope* v. *Illinois* (1987), 481 U.S. 497, the Supreme Court reiterated that parts (a) and (b) of the *Miller* tripartite test should be determined with reference to contemporary community standards. The court held that the proper inquiry for part (c) is whether a reasonable person would find value in the material taken as a whole.

The Supreme Court has characterized the second part of the *Miller* test as a two-step inquiry. *Smith* v. *United States* (1977), 431 U.S. 291, 301. The threshold or substantive question is whether the materials depicted "hard core" sexual conduct. *Id.* The second part of the test is whether, as a matter of *fact,* the materials were patently offensive under contemporary community standards. *Id.* Moreover, *Miller* requires that this court review the jury finding under part (c). *Miller, supra,* at 24.

Radey was charged with pandering obscenity under R.C. 2907.32 (A)(2), which stated (134 Ohio Laws, Part II, 1866, 1915):

"(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

"* * *

"(2) Exhibit or advertise for sale or dissemination, or sell or publicly disseminate or display any obscene material[.]"

"Obscene" is defined in R.C. 2907.01(F):

"(F) When considered as a whole, and judged with reference to ordinary adults or, if it is designed for sexual deviates or other specially susceptible group, judged with reference to that

group, any material or performance is 'obscene' if any of the following apply:

"(1) Its dominant appeal is to prurient interest;

"(2) Its dominant tendency is to arouse lust by displaying or depicting sexual activity, masturbation, sexual excitement, or nudity in a way that tends to represent human beings as mere objects of sexual appetite;

"(3) Its dominant tendency is to arouse lust by displaying or depicting bestiality or extreme or bizarre violence, cruelty, or brutality;

"(4) Its dominant tendency is to appeal to scatological interest by displaying or depicting human bodily functions of elimination in a way that inspires disgust or revulsion in persons with ordinary sensibilities, without serving any genuine scientific, educational, sociological, moral, or artistic purpose;

"(5) It contains a series of displays or descriptions of sexual activity, masturbation, sexual excitement, nudity, bestiality, extreme or bizarre violence, cruelty, or brutality, or human bodily functions of elimination, the cumulative effect of which is a dominant tendency to appeal to prurient or scatological interest, when the appeal to such an interest is primarily for its own sake or for commercial exploitation, rather than primarily for a genuine scientific, educational, sociological, moral, or artistic purpose."

The Supreme Court of Ohio has found R.C. 2907.01(F) to be constitutional when read *in pari materia* with the *Miller* guidelines. *State* v. *Burgun* (1978), 56 Ohio St. 2d 354, 361, 10 O.O. 3d 485, 489, 384 N.E. 2d 255, 261. Therefore, the *Miller* test for defining obscenity was incorporated into the statute by an authoritative state court construction specifically sanctioned by *Miller. State* v. *Burgun, supra.*

*Miller* described the permissible scope of state regulation of obscenity as follows:

"* * * We acknowledge, however, the inherent dangers of undertaking to regulate any form of expression. State statutes designed to regulate obscene materials must be carefully limited. See *Interstate Circuit, Inc.* v. *Dallas, supra* [390 U.S. 676], at 682-685. As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." (Footnote omitted.) *Miller, supra,* at 23-24.

Prior to *Miller,* R.C. 2905.34(D) (repealed in Am. Sub. H.B. No. 511, 134 Ohio Laws, Part II, 1866, 2032-2034) defined "sexual conduct" as follows:

" 'Sexual conduct' means masturbation, homosexuality, lesbianism, sadism, masochism, natural or unnatural sexual intercourse, or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, a breast." (133 Ohio Laws, Part II, 1816, 1820-1821.)

However, R.C. 2907.01(A), enacted by the legislature effective January 1, 1974, defines "sexual conduct" as:

"* * * vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

Therefore, when the Ohio statutes

are read to incorporate the guidelines prescribed in *Miller,* the material:

(a) must depict conduct which is expressly set forth by the definition of "sexual conduct" in R.C. 2907.01(A); and

(b) the sexual conduct depicted must be "obscene," as defined in R.C. 2907.01(F)(1) to (5); and

(c) the material must meet the three guidelines of *Miller.*

In this case, the purchased articles are not obscene as a matter of law. The items do not, in and of themselves, describe or depict "hard core sexual conduct" as defined in the Ohio statutes and as required by *Miller.*

## Assignments of Error

"I. The judgment of the trial court was against the manifest weight of the evidence because the items upon which the prosecution was based were clearly humorous and thus did not and could not appeal to prurient interest nor could they arouse lust in a person of average sensibilities.

"II. The trial court erred to the prejudice of appellant in precluding the defense from introducing at trial evidence of other like materials freely sold in the community."

In light of our *de novo* review and disposition, this court need not reach these assignments of error.

Accordingly, pursuant to App. R. 12(B), this court finds that as a matter of law appellant is entitled to have judgment in his favor. Therefore, the judgment of conviction is reversed and appellant is discharged.

## Certification of Conflict

We hereby find that the judgment in this cause is in conflict with the judgment upon the same question rendered by the Court of Appeals for Franklin County in *State* v. *Wolfe* (1987), 41 Ohio App. 3d 119, 534 N.E. 2d 920■

*Judgment reversed and appellant discharged.*

CACIOPPO, P.J., and BAIRD, J., concur.