### State v. Minard
*[Cite as 8 AOA 243]*

*Case No. CA-8303*
*Stark County, (5th)*
*Decided December 10, 1990*

*Thomas B. Bernabei, City Law Director, William J. Hamann, Assistant Law Director, Canton Law Department, City Hall Building, Canton, Ohio 44702, for Plaintiff-Appellee.*

*Charles E. Grisi, Grisi & Reigler, 1129 Society Building, Akron, Ohio 44308, for Defendant-Appellant.*

PUTMAN, P.J.

This is an appeal from a sentence of six months in jail plus a fine of $1,000.00 entered upon a conviction of the crime of pandering obscenity (R.C. 2907.32 (A) (2)) by reason of the sale to an undercover police officer of a magazine containing pictures of naked adult human females purportedly tied with ropes. There are no male persons in the pictures, and no penetration by one person of the body of another, however slight, is depicted. No cunnilingus is depicted. No children are depicted in the magazine. No children were present at the sale. The sale was in a setting limited to two consenting adults.

We reverse the conviction and enter a final judgment of acquittal because upon our review of the First Amendment issue, we find that the magazine was within the protection of the First Amendment to the U.S. Constitution. See *Miller v. California* (1973), 413 U.S. 15, 25; *Jenkins v. Georgia* (1974), 418 U.S. 153, 160; *State, ex rel. Pizza v. Strope* (1990), 54 Ohio St. 3d 41, 45.

The reason is that the pictures do not show hard core sexual conduct as that term is defined in R.C. 2907.01(A):

R.C. 2907.01 Definitions.

"As used in sections 2907.01 to 2907.37 of the Revised Code:

"(A)'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

Because we find that no trial should have occurred in the first instance, we sustain the second assignment of error and do not reach any other assignments of error.

We turn now to the four formal assignments of error. They read:

ASSIGNMENT OF ERROR I
THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE BECAUSE CONTEMPORARY COMMUNITY STANDARDS WERE NEVER PROVED.

ASSIGNMENT OF ERROR II
THE TRIAL COURT ERRED IN FAILING TO DIRECT A JUDGMENT OF ACQUITTAL BECAUSE THE MATERIAL IN QUESTION WAS NOT OBSCENE AS A MATTER OF LAW.

ASSIGNMENT OF ERROR III
THE TRIAL COURT ERRED IN FAILING TO DIRECT A JUDGMENT OF ACQUITTAL DUE TO THE STATE'S FAILURE TO PRESENT EXPERT TESTIMONY REGARDING THE ISSUE OF DEVIANT MATERIAL.

## ASSIGNMENT OF ERROR IV

APPELLANT'S SENTENCE MUST BE SET ASIDE AND THIS CASE REMANDED BECAUSE THE SENTENCE IMPOSED IS A RESULT OF BIAS AND PREJUDICE AND NOT A RESULT OF A CAREFUL CONSIDERATION OF THE SENTENCING GUIDELINES SET FORTH IN REVISED CODE 2929.22, 2929.12; AND WAS AN ABUSE OF DISCRETION UNDER RULE 32(A) OF THE RULES OF CRIMINAL PROCEDURE.

### I

We do not reach the issue of community standards because the magazine does not show hard core sexual conduct as that term has been defined by the Ohio Legislature.

### II

We sustain the second assigned error.

### III

Because we enter a judgment of acquittal on the grounds previously stated, we do not reach the reason stated in the third assigned error.

### IV

The claim that the sentencing judge did not employ the appropriate criteria is obviated by our judgment that the case should never have gone to trial in the first instance, the material being constitutionally protected.

In summary, we enter a final judgment of acquittal and discharge.

In so doing, we adopt and employ the reasoning of the Ninth District Court of Appeals in the case of *State v. Radey* (1989), 54 Ohio App. 3d 18, photocopied and attached hereto.

See also the Ohio Supreme Court judgment dismissing a certification of conflict in the same case, photocopied and attached hereto.

SMART, J., and GWINN, J., concur.