The STATE of Ohio, Appellee,

v.

WARD, Appellant.

[Cite as *State v. Ward* (1993), 85 Ohio App.3d 378.]

Court of Appeals of Ohio,
Summit County.

No. 15853.

Decided March 24, 1993.

*Philip D. Bogdanoff*, Summit County Assistant Prosecuting Attorney, for appellee.

*Frank M. Pignatelli*, for appellant.

---

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of Robert J. Ward from his conviction in the Summit County Court of Common Pleas for pandering obscenity involving a minor, R.C. 2907.321(A)(5), following a "Sting Operation" conducted by the United States Postal Service. The jury was unable to reach a verdict on a second charge, pandering sexually oriented matter involving a minor, R.C. 2907.322(A)(5).

Robert J. Ward responded to an advertisement in an adult "Swingers" magazine and began corresponding with "Karin," who was, in fact, an undercover agent employed by the United States Postal Service. Ward wrote twenty-eight letters to the fictitious Karin over a five-month period. In her letters, Karin described herself as a single parent of a twelve-year-old son, Eric, and a fourteen-year-old daughter, Terri. Karin also described "family fun" in which she and "carefully selected others" engaged in sexual conduct with the children. In his letters, Ward concentrated on trying to arrange a meeting, dating and establish-

ing a relationship with Karin, as well as sharing sexual fantasies and sexual activities. He confided that he was in counseling for adult sex offenders. Ward and Karin exchanged photographs, and, eventually, Ward requested a nude or semi-nude photograph of fourteen-year-old Terri, with her legs spread. Karin urged caution because such pictures were "illegal."

Three months after Ward's initial request, Karin agreed to send Ward a nude picture of Terri for $10. However, rather than send the picture Ward had requested, Karin sent two unrequested photographs: a nude photograph of Terri, with her legs spread, sitting on the torso of an adult woman, and a nude photograph of Terri in a sexual act with an adult woman. Karin told Ward precisely when the envelope would be delivered to his private mail box.

Ward picked up the envelope, walked directly to his automobile and drove away. Rather than returning home, Ward drove about ten minutes to the parking lot of an apartment building and parked the vehicle. When Ward stepped out of the automobile, police officers arrested him and confiscated the opened envelope from his automobile. Ward agreed to a search of his automobile and his bedroom; police officers did not find any other child pornography. Ward claimed that he opened the envelope quickly, saw only one photograph briefly and did not learn there was a second photograph in the envelope until he was questioned at the police station.

Following a jury trial, Ward was convicted of pandering obscenity involving a minor and received an enhanced sentence because of a specification for a prior offense of violence, R.C. 2941.143. Ward appeals and asserts seven assignments of error. The assigned errors will be discussed out of sequence because a reversal on one may render the remaining errors moot.

### Assignment of Error IV

"The trial court erred by admitting over appellant's objection the photograph depicting a minor engaged in a sex act when the postal inspector had sent appellant the photograph even though appellant never requested it."

Ward contends that he was convicted for possession of obscene material which he never requested. Ward asserts, and the record confirms, that he requested a nude photograph of Terri alone, with her legs spread. He never received that photograph, but, rather, was sent two others that he did not request. Ward alleges that the trial court improperly admitted into evidence the photographs that he did not request.[1]

---

1. Neither in the court below nor in this court has the state contended that there is any evidence to support a finding that Ward knew that he had both pictures as a result of his inspection of the contents of the envelope after he received it. Thus, the state tacitly concedes

The state counters that Ward requested a photograph of Terri with her legs spread and was sent such a photograph, Exhibit 2. The state contends that, even if the trial court erred in admitting the nude photograph of Terri engaged in sexual conduct, Exhibit 1, the error was harmless because both photographs were obscene and either would support the felony conviction. Ward contends that only one of the two nude photographs that he received is obscene.

Ward was charged with pandering obscenity involving a minor, R.C. 2907.321, which states, in part:

"(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

" * * *

"(5) Buy, procure, possess, or control any *obscene* material, that has a minor as one of its participants[.]" (Emphasis added.)

In judging whether material is obscene, the United States Supreme Court set forth the following three-part test:

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, * * * (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." (Citations omitted.) *Miller v. California* (1973), 413 U.S. 15, 24, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419, 431.

The second part of the *Miller* test involves an additional two-step inquiry. The threshold question is whether the materials depict "hard core" sexual conduct. *State v. Radey* (1989), 54 Ohio App.3d 18, 19, 560 N.E.2d 247, 249. The second question is whether the materials were "patently offensive" under contemporary community standards. *Id.* The Supreme Court of Ohio incorporated the *Miller* test into the statutory definition of "obscenity," R.C. 2907.01(F), in *State v. Burgun* (1978), 56 Ohio St.2d 354, 361, 10 O.O.3d 485, 489, 384 N.E.2d 255, 261.

In applying the *Miller* test to the photographs at issue, we find that an average person might find that both photographs appeal to prurient interests and that both photographs lack serious literary, artistic, political or scientific value. However, both photographs do not meet the criteria regarding "sexual conduct" outlined in the second part of the *Miller* test.

---

that Ward's knowledge of what he possessed would have had to be based upon what he requested.

"Sexual conduct" is defined as " * * *vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).

In this case, Exhibit 1, which depicts the nude minor engaged in cunnilingus with an adult woman, is "obscene" under the statutory definition of sexual conduct. Exhibit 2, which depicts the nude minor merely sitting on the torso of the adult woman, is not obscene because it depicts no sexual conduct.

For Ward to be convicted of pandering obscenity involving a minor, the state must prove that he knowingly possessed an obscene photograph. The state contended that both photographs are obscene and both photographs support the felony conviction. Both photographs are not obscene. Furthermore, the one nude photograph that is obscene and that supports the conviction is the photograph that was improperly admitted into evidence because there is no evidence that Ward knew he possessed it.

 When an appellant alleges and demonstrates error in the trial court's admission of evidence, the reviewing court must determine if the error was prejudicial or harmless. See Crim.R. 33(E)(3). In so determining, the court must review the entire record, disregarding the objectionable material, and determine whether there was otherwise overwhelming evidence of appellant's guilt. *State v. Davis* (1975), 44 Ohio App.2d 335, 343–344, 73 O.O.2d 395, 399–400, 338 N.E.2d 793, 800–801.

Our review of the record indicates that admission of the unrequested nude photograph of Terri engaging in sexual conduct was prejudicial error and supports Ward's initial request for a new trial. Crim.R. 33(A)(5). We find Ward's fourth assignment of error well taken. Ward's additional assignments of error are made moot by this ruling and need not be discussed. App.R. 12(A)(1)(c).

Still pending before the court is the state's motion to supplement the record with the closing arguments of both parties, in order to demonstrate that the state argued that both pictures were obscene and related to the felony. Ward opposed the state's motion. The state's argument is demonstrated elsewhere in the record and has been found to be in error in this decision. We deny the state's motion to supplement the record.

The judgment of the trial court is reversed and the case remanded for action in conformity with this decision.

*Judgment reversed*
*and cause remanded.*

REECE and DICKINSON, JJ., concur.