CITY OF CUYAHOGA FALLS, Appellee,

v.

GENERAL MILLS RESTAURANTS, INC., Appellant.

[Cite as *Cuyahoga Falls v. Gen. Mills Restaurants, Inc.* (1996), 111 Ohio App.3d 635.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17195.

Decided June 12, 1996.

*Dwayne K. Jones,* Cuyahoga Falls Assistant Law Director; *Baker & Hostetler, Edward J. Bernert* and *George H. Boerger; Amer, Cunningham, Brennan Co., L.P.A.,* and *Richard T. Cunningham,* for appellee.

*Power & Coleman* and *Tracy J. Power,* for *amicus curiae,* National Council of Chain Restaurants.

JOHN R. MILLIGAN, Jr., Judge.

Upon stipulated facts, the Summit County Common Pleas Court granted summary judgment to plaintiff-appellee, the city of Cuyahoga Falls (the "city"), against defendant-appellant, General Mills Restaurants, Inc. ("General Mills"), in an amount of $7,294.26. General Mills appeals, assigning a single error:

"The trial court erred in granting judgment in favor of the city of Cuyahoga Falls and against General Mills Restaurants, Inc."

This dispute focuses upon the obligation of an employer to withhold taxes from wages and tips of its employees. In particular, it is claimed that the Olive Garden and Red Lobster restaurants, located within the city and operated by General Mills, failed to withhold certain municipal income taxes from wages earned by some of their employees.

The employees in question are "tipped" employees, *i.e.,* they are paid a modest base wage (less than the minimum wage) by General Mills, and they augment their personal income via tips from patrons they serve. Each tipped employee in this case is required to pay income tax to three separate government entities: the United States government, the state of Ohio, and the city of Cuyahoga Falls. Likewise, the employer is responsible for withholding from the pay of each such employee a predetermined proportion of income due as taxes and forwarding it to the appropriate governmental entity on behalf of the employee. As between the government entities, the priority of withholding is uniform: first, federal withholding taxes are deducted, then state of Ohio taxes, and, finally, municipal taxes.[1]

Because General Mills actually pays only a portion of the gross earnings of a tipped employee, each employee is required to report, on a daily basis, the

---

1. The city concedes that this withholding priority is appropriate.

amount of income he or she derived from tips from customers served. Such reports are required even though the tips are never paid directly over to the employer.[2] Because tip income is not received by the employer, and because the income disbursed by the employer is based upon modest wages, it sometimes happens that an employee's gross pay from wages is consumed by withholding requirements for federal and state taxes, and there is not enough left to withhold as municipal tax. That is, the aggregate amount of taxes owed and otherwise due to be withheld for the three taxing entities exceeds the amount of the total wages paid by the employer. This deficit, when it occurs, results in a shortfall in the amount of taxes remitted by the employer to Cuyahoga Falls. At this juncture the instant dispute arises.

In order to address the shortfall in its withholding of municipal income taxes, General Mills established a "deficit city income tax account" for each employee. The account maintained a continuous record of the accumulated withholding tax deficit, pay period by pay period. No paycheck was delivered to an employee until the deficit was eliminated.[3] Employees were continually apprised of the existence and amount of any shortfall. General Mills retained the portion of the employee's normal wages required to make up the deficit.

■ Between 1990 and 1992, between twenty-four and twenty-nine employees each year discovered that the amount of municipal tax to be withheld pursuant to the formula exceeded their gross wages from General Mills. Their paychecks were entirely consumed in withholding for federal, state, and municipal income taxes, and there were still municipal withholding taxes due. The city contends that the municipal ordinance makes General Mills liable for the amount of taxes due to be withheld. This argument was adopted by the trial court.

General Mills contends that the ordinance does not impose such a duty or require such liability, that it is only liable for monies in its possession and under its control, and cannot be compelled to answer for the tax debts of employees when there are no additional funds within General Mills' control. *Amicus curiae*, the National Council of Chain Restaurants, claims that if the ordinance is interpreted as the city prays, it is unconstitutional and would create significant public policy concerns.

---

2. However, some tips are left by patrons on credit cards. These tips are actually collected by the employer; such "charged tips" are paid in cash by the employer to the employee at the end of the employee's shift, and the employer subsequently collects the charged amount in the same manner as other charged purchases.

3. In 1993, an error was discovered in the computer program which was used to maintain the deficit account. This error allowed some of the employees who had a deficit balance to nonetheless receive paychecks. That error was corrected and is no longer relevant for purposes of this litigation.

In reviewing a trial court's summary judgment, an appellate court applies the same standard as the trial court. *Perkins v. Lavin* (1994), 98 Ohio App.3d 378, 381, 648 N.E.2d 839, 840–841. Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated;

"(2) The moving party is entitled to judgment as a matter of law; and

"(3) It appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192.

Since only legal questions exist, no special deference is to be accorded the trial court upon a review of summary judgment. *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 267, 610 N.E.2d 1061, 1063–1064. We will review the matter *de novo*. *Tyler v. Kelley* (1994), 98 Ohio App.3d 444, 446, 648 N.E.2d 881, 882.

Pertinent sections of the Cuyahoga Falls Municipal Ordinances were interpreted by the trial court. Section 161.06(a)(1) states:

"Each employer within or doing business within the City who employs one or more persons on a salary, wage, commission, or other compensation basis shall at the time of payment thereof deduct the tax at its then applicable percentage from the gross salaries, wages, commissions, or other compensation earned by all employees."

Section 161.06(a)(2) states:

"Such employer * * * shall be liable for the payment of the tax required to be deducted and withheld whether or not such taxes have in fact been withheld."

The ordinance requires the employer to monthly remit to the city the amount of taxes required to be withheld. It further requires the employer to annually file an informative return indicating the amount which *should* have been withheld from each employee.

The trial court concluded that the ordinance required an employer to assume liability for any shortfall in municipal withholding tax, regardless of whether the employer had direct control over the employee's funds.

We find that analysis to be inappropriate. We reverse, granting summary judgment in favor of appellant, General Mills, and against appellee, Cuyahoga Falls.

The specific section of the ordinance relied upon by the city is vague with respect to the source of the compensation which forms the basis for tax liability.

The ordinance itself requires withholding "at the time of payment"; it does not specify the source from which payment must be made. Thus, while requiring the employer to calculate and withhold taxes based on compensation "at the time of payment thereof," the ordinance is at best unclear as to whether this applies only at the time of payment of compensation by the employer, or at the time of payment of tips by patrons, or both.[4]

The interpretation of the ordinance advocated by the city imposes an additional burden on employers not present under the corresponding sections of the state and federal tax codes.[5] General Mills inaccurately alleges that the Cuyahoga Falls ordinance contains the same language, and thus imposes the same obligation, as its state and federal counterparts. A close reading of the ordinance, however, discloses the contrary. Both state and federal provisions explicitly require that an employer need withhold taxes *only* from those funds under its control or paid directly by it to the employee. In contrast, the city's ordinance contains no such explicit language; rather, the ordinance simply requires the employer to turn over the required amounts, without any language explicitly limiting this liability to those funds directly controlled by the employer.[6]

This vague language, were it given the interpretation urged by the city, would impose a *de facto* obligation upon all employers similarly situated to General Mills to satisfy the municipal tax liability of their employees should the employees' wages be insufficient for such purpose. In effect, the employer would be required to (1) absorb the employee's liability, (2) garnish or confiscate tips or otherwise collect the deficit from the employee in an attempt to reduce or eliminate the shortfall, or (3) no longer engage in tipped employment. Such a holding would portend cataclysmic consequences for the restaurant industry.

In determining legislative intent, courts "look to the language employed and to the purpose to be accomplished." *State ex rel. Francis v. Sours* (1944), 143 Ohio St. 120, 124, 28 O.O. 53, 55, 53 N.E.2d 1021, 1023. A strong presumption exists against any construction which produces unreasonable or absurd consequences. R.C. 1.47(C); see *Canton v. Imperial Bowling Lanes, Inc.* (1968), 16 Ohio St.2d 47, 45 O.O.2d 327, 242 N.E.2d 566, paragraph four of the syllabus; *State ex rel. Belknap v. Lavelle* (1985), 18 Ohio St.3d 180, 181–182, 18 OBR 248, 249–250, 480 N.E.2d 758, 759–760. Accordingly, "[i]f the construction and

---

4. It is nowhere alleged that paychecks are issued at the same time tips are collected, nor is such a scenario in keeping with the common definition of those terms.

5. See Internal Revenue Reg. 31.3402(k)–1; R.C. 5747.06(A).

6. It is undisputed that General Mills turns over those funds which are within its power to withhold; indeed, that appears to be the very reason for the establishment of the "deficit withholding account."

interpretation of statutory language reveals the statute to be facially ambiguous, it is the function of the courts to construe the statutory language to effect a just and reasonable result." *Gulf Oil Corp. v. Kosydar* (1975), 44 Ohio St.2d 208, 73 O.O.2d 507, 339 N.E.2d 820, paragraph two of the syllabus.

Ambiguities in statutes should be construed consistent with provisions pertaining to the same or similar subject matter under the doctrine of *in pari materia*. See *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 58 O.O. 315, 132 N.E.2d 191, paragraph two of the syllabus; *State v. Radey* (1989), 54 Ohio App.3d 18, 20, 560 N.E.2d 247, 249–250.

We cannot accept that the proposed interpretation of the ordinance and the Draconian effects produced thereby were intended by its enactors. We find support for our position in the language of other sections of the same ordinance. Cuyahoga Falls Ordinances 161.02(s) defines "taxable income" as "wages, salaries and other compensation *paid by an employer or employers* before any deductions." (Emphasis added.) Cuyahoga Falls Ordinance 161.05(d) requires each individual taxpayer to file a return with the city and "pay to the Tax Administrator the balance of tax due, if any, after deducting * * * the amount of the City income tax deducted or withheld at the source pursuant to section 161.06 hereof."

These provisions, when considered *in pari materia* with the other provisions of the ordinance, demonstrate that with regard to personal municipal income tax, the city considers wages "paid by the employer" to be part of taxable income, and requires individuals themselves to be responsible for making up any deficiency in the amount of taxes owed to the city. Now, the city urges upon this court an interpretation of the ordinance which would require the employer, rather than the taxpayer, to be preemptively liable for such deficiencies. We cannot accept such a strained interpretation of the language of the ordinance.

General Mills' assignment of error is well taken. The judgment of the trial court is hereby reversed and the matter is remanded to the trial court with instructions to enter summary judgment in favor of General Mills and against Cuyahoga Falls. The case is dismissed.

*Judgment reversed and*
*cause remanded.*

REECE, P.J., and SLABY, J., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.