The grand jury returned a four count indictment against defendant William Zimmer, charging him with two counts of gross sexual imposition, violations of R.C. 2907.05, and two counts of disseminating matter harmful to juveniles, violations of R.C.2907.31(A). Following trial, a jury found defendant guilty of one count of disseminating matter harmful to juveniles, and reached not guilty verdicts on the remaining three counts. In this appeal, he challenges the sufficiency of the evidence, the admission of certain evidence, and the specificity of the indictment.
The states evidence showed the victim, age eight at the time of trial, had been living with her mother in Florida after her parents divorced and her mother remarried. As her school schedule "permitted, the victim traveled to Ohio to visit her father. During those visits, her father occasionally left her in the care of her maternal grandmother and defendant, her step-grandfather.
The victims mother testified that one evening, while at home in Florida, the victim watched television with her and saw an advertisement for the movie The People v. Larry Flynt. The victim blurted out that defendant had magazines like those shown in the advertisement. When the mother questioned the victim about her claim, the victim said that defendant had shown her adult magazines, calendars with topless women and played games with her. The games, one of which defendant called "the firetruck game," were nothing more than pretenses to fondle her. The victim told her mother that defendant would masturbate to ejaculation in front of her and showed her a video that featured two women kissing and biting each others private parts. The victim said she refused several times defendants requests to photograph her in the nude and likewise refused to photograph defendant in the same manner. Defendant made the victim swear that she would not tell anyone about the things he did to her.
The victim testified that she finally told what defendant did while watching the television program Married . . . With Children.
The lead character of that show, Al Bundy, had the same magazines as defendant. The victim said she told her mother that defendant showed her magazines, a calendar and a movie, all of which he kept in a "suitcase" under his bed. She said that when she was four years old, she opened defendants briefcase and saw a magazine and a calendar. Defendant became angry with her when she opened the briefcase and he told her to stay out of it.
The evidence further established that the victim began engaging in frequent, overt masturbation at the age of two. She did this to such an extent that her parents, even though separated, independently sought medical advice for the problem. They were told that it was not unusual for children to masturbate at an early age. The mother thought the victims masturbation became more frequent after visits with defendant. She asked that her daughter be examined for signs of sexual abuse. Physicians found no sign of abuse, and referred the victim to counseling. A psychologist testified that the victim told him that defendant touched her every time she visited, that he exposed himself to her and made her promise not to tell anyone.
The mother brought the victim back to Ohio to file charges against defendant. The police executed a search warrant at defendants home, specifically looking for items the victim described in her accounts of alleged sexual abuse. The police found a briefcase inside his van that matched the victims description of a "suitcase." Inside the briefcase they found a pocket calendar with photographs of topless women. The police also found a Playboy magazine on a coffee table, but they did hot find any adult videotapes.
Defendant testified and denied any form of improper contact with the victim. He admitted that the victim inadvertently looked into his briefcase and saw an adult magazine and the pocket calendar. He presented a number of witnesses who testified that they saw defendant and the victim interact with no difficulty during the time that the alleged abuse was occurring, a fact corroborated by the victims parents.
The mothers second husband, estranged by the time of trial, testified that at the time the victim had been brought up to Ohio to file a police complaint, he found an adult videotape in a videocassette recorder located in the Florida room the victim used as a bedroom. The tape contained scenes of lesbianism. The estranged husband found it odd that an adult videotape would be in the victims room, but thought the tape might have belonged to the mother. Shortly after the mother returned to Florida, the tape disappeared from the machine. The estranged husband asked her about the tape and the mother replied that she threw it away. When the estranged husband asked if that might be the tape that the victim saw, the mother replied, "no, that couldn't be it."
As relevant to the issues raised in this appeal, the jury returned a guilty verdict on count 3, which alleged the disseminating matter harmful to a juvenile offense occurred between June 15th and August 15th 1996. The jury further found the matter disseminated to be obscene. It returned not guilty verdicts on the remaining counts.
 I
The first and third assignments of error are interrelated and will be addressed jointly. Defendant complains the state presented insufficient evidence to sustain a guilty verdict on the charge of disseminating matter harmful to juveniles because the evidence did not establish a proper time frame for the offense nor did the state prove that the matter shown to the victim was "obscene.
R.C. 2907.31 provides:
 (A) No person, with knowledge of its character or content, shall recklessly do any of the following:
 (1) Sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile any material or performance that is obscene or harmful to juveniles;
* * *
 (3) Allow any juvenile to review or peruse any material or view any live performance that is harmful to juveniles.
If the material involved is "harmful" to juveniles, a violation of the statute is a misdemeanor of the first degree. If the material involved is "obscene" and the juvenile to whom the material is disseminated is under thirteen years of age, a violation of the statute is a felony of the fourth degree. See R.C. 2907.31(D). Defendants conviction for violating R.C.2907.31(A) and sentence for a fourth degree felony thus requires us to make two determinations: first, whether the defendant recklessly disseminated any harmful material to a juvenile and second, the whether the material disseminated is obscene. Since the trier of fact found the material to be obscene, we must conduct an independent review of the material. Urbana, ex rel. Newlin v.Downing (1989), 43 Ohio St.3d 109, paragraph five of the syllabus;State v. Radey (1989), 54 Ohio App.3d 18, 19.
Defendants chief complaint is that there were four incidents that arguably could support a conviction for disseminating matter harmful to a juvenile (the Playboy magazine, the topless calendar, the adult videotape and the act of masturbation), but that neither the indictment nor the jury instructions gave the jury specific guidance on which counts related to which incidents, nor did the evidence give concrete times and dates for the offenses.
Although we agree the court did not give clear instructions as to which materials should be considered for the individual counts of disseminating matter harmful to juveniles, we recognize that defendant failed to object when the court did not specifically charge the jury to consider specific harmful items under each count. A defendants failure to object to jury instructions constitutes a waiver of the assignment of error, and we can only reverse a case if plain error is involved. State v. Long (1978),53 Ohio St.2d 91. Considering the evidence in a light most favorable to the state, we find the jury most likely found that defendants act of masturbation constituted the act supporting the guilty verdict on count 3. We reach this conclusion for two reasons.
First, the evidence showed that the masturbation occurred during the time frame set forth in count 3. The indictment alleged defendant committed two separate acts of disseminating matter harmful to juveniles and further alleged those two acts occurred between the dates of June 15th and August 15th 1996 (count 3 of the indictment) and December 21, 1996 and January 4, 1997 (count 4 of the indictment). The victim testified that defendant masturbated in front of her during a long visit in Ohio with her father. The evidence showed this period of time corresponded to her summer vacation in 1996.
Ordinarily, the state is given a certain amount of latitude in child sexual abuse cases and is not strictly held to proving that a crime occurred during a period set forth in the indictment. SeeState v. Barnecut (1986), 44 Ohio App.3d 149, 151. This is so partly because the specific time and date of an offense are not elements of the offense. See State v. Sellards (1985), 17 Ohio St.3d 169,171. Given the states leeway in establishing the date of a child sexual abuse case, we find the victims testimony sufficiently showed that the masturbation occurred during her summer 1996 visit with her father.
Second, of the four acts which might constitute the offense, defendants act of masturbating to ejaculation is the only one of those acts that conceivably could be found to be "obscene." R.C.2907.01(F) defines something as obscene when:
 (2) Its dominant tendency is to arouse lust by displaying or depicting sexual activity, masturbation, sexual excitement, or nudity in a way that tends to represent human beings as mere objects of sexual appetite;
Both the Playboy magazine and the topless calendar were submitted into evidence, and our independent review shows us nothing that would make us conclude that the simple depictions of nudity in those two items falls within the legal definition of obscenity. The adult videotape could not readily support a conviction since the jury did not have any evidence to show the tape existed and, in any event, the absence of the videotape would make it impossible for us to perform an independent evaluation of its content. This leaves as the only remaining item of evidence defendants act of masturbation.
The evidence, viewed in a light most favorable to the state, tends to show that defendants act of masturbation was "presented" to the victim. Masturbation is clearly "indecent." See R.C.2907.09(A)(1). At the same time, it can be an obscene act under the legal definition of "obscenity."
The victims testimony could reasonably be construed as indicating that defendants overt act of masturbation was not only a "display," but that it tended to represent masturbation as a mere object of defendants own sexual appetite. The self-gratification component of masturbation is obvious, but defendant appeared to engage in masturbation for more than just physical self-gratification. Clearly, his intent was to arouse his own lust by performing masturbation in front of a young child, rather than in private. On these facts, we find the act of masturbation was obscene.
Despite finding masturbation to be "obscene" under the circumstances, we nonetheless must consider whether it could be matter considered to be harmful to juveniles. R.C. 2907.01(E) defines what matter is considered "harmful to juveniles":
 (E) Any material or performance is "harmful to juveniles," if it is offensive to prevailing standards in the adult community with respect to what is suitable for juveniles, and if any of the following apply:
* * *
 (2) It contains a display, description, or representation of sexual activity, masturbation, sexual excitement, or nudity;
"Material" is defined in R.C. 2907.01(J) as "any book, magazine, newspaper, pamphlet, poster, print, picture, figure, image, description, motion picture film, phonographic record, or tape, or other tangible thing capable of arousing interest through sight, sound or touch." Under the unique circumstances of this case, defendants act of masturbation could be considered a "tangible thing capable of arousing interest through sight, sound or touch." Since count 3 of the indictment would clearly support a conviction for masturbation, and nothing else; we find no plain error in the courts jury instructions or the specificity of the indictment. The, first and third assignments of error are overruled.
 II
The second assignment of error complains the court erred by allowing the jury to hear a prejudicial response from the victim. When asked by the state how she felt once she told her story of abuse, the victim replied, "I feel a little more happier, because Bill can get a little more help, then he can't do it to any other little girl my age or something like that." Defendant claims this statement is "prejudicially irrelevant to the determination of guilt or innocence * * *."
Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court and that courts ruling as to such matters will not be reversed absent an abuse of discretion. Rigby v. Lake Cty.
(1991), 58 Ohio St.3d 269, 271.
The victims response that she felt happier because defendant "can't do it to any other little girl my age or something like that" had marginal relevance, at best, to the issue of guilt. But whether this one-line response was relevant or not, we fail to see how it was so prejudicial to defendants case as to require a new trial. The jury heard compelling testimony by the victim that defendant masturbated to ejaculation in front of her. This evidence was more than sufficient to prove the disseminating matter harmful to a juvenile charge, and nothing contained in the challenged response by the victim would have swayed the jurors any more than the evidence it already heard. As a result, the victims response was harmless beyond a reasonable doubt. The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J.
MICHAEL J. CORRIGAN, J., CONCUR.
PRESIDING JUDGE, JOHN T. PATTON