DECISION
{¶ 1} Defendant-appellant, Gary Daniels, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of two counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4) and two counts of disseminating matter harmful to juveniles in violation of R.C.2907.31(A)(1). He was convicted of the offenses after a jury trial. For the following reasons, we affirm the trial court's judgment in part and reverse it in part.
 {¶ 2} The evidence at trial indicated that Daniels, who was thirty-three years of age at the time of the alleged offenses, was active in assisting the cheerleading squad to which his niece, Tiffany Meadors, belonged. He arranged and recorded their musical accompaniments, provided transportation, and attended many of their performances. Daniels resided with his mother and her boyfriend, and Meadors would often visit the house with various members of the cheerleading squad.
 {¶ 3} One of the alleged victims, Harley Rose, testified that she had spent the night with Meadors in the residence that Daniels occupied. She testified that, during her visit, Daniels had pinched and twisted the nipple of her breast and had also felt her upper thigh. Rose was eleven years old at the time of the alleged contact.
 {¶ 4} Kristan Partin, who was eleven years old, testified that she and her sister, Kristena Cruey, had visited Tiffany for a sleepover. Partin stated that, during her visit, Daniels had shown the girls photographs on the computer. The photographs were printed from the computer's files and offered into evidence. They depicted persons, many of them pre-pubescent girls, in the nude. Partin testified that Daniels had pinched and twisted her nipple and had done so to other girls at the sleepover. In addition, she stated that Daniels had pulled her clothes off and hidden them and had offered to rub her pubic area when she accidentally fell and injured herself. Cruey, who was eight years old at the time of the alleged offenses, testified that, during the sleepover, Daniels had shown the girls the photographs that Partin had identified.
 {¶ 5} Daniels presented the testimony of several witnesses, including Meadors, who maintained that no improper conduct had occurred during the girls' visits. Daniels also took the stand in his own defense. He denied any improper touching and denied that he had shown the girls any pictures on the computer.
 {¶ 6} The jury returned guilty verdicts on all four counts, and Daniels has now appealed. For the sake of clarity and brevity, we begin with the second and third assignments of error, in which Daniels argues that the verdicts were based upon insufficient evidence and were against the manifest weight of the evidence.
 {¶ 7} In reviewing the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a conviction upon a challenge to the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
 {¶ 8} We begin with the convictions for gross sexual imposition. The statute governing gross sexual imposition, R.C. 2907.05(A)(4), provides that "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he other person, or one of the other persons, is less than thirteen years of age * * *." "Sexual contact" is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 9} Daniels first argues that the state failed to adduce sufficient evidence that the alleged touching of the victims was done for the purpose of sexual gratification. He contends that, even if the touching had occurred, it was in the context of "horseplay" with the girls and was not done with any improper motive or criminal intent.
 {¶ 10} Whether touching is done for the purpose of sexual gratification is a "question of fact to be inferred from the type, nature, and circumstances surrounding the contact."[3] In the case at bar, there was ample evidence to indicate that Daniels had touched the girls for purposes of his own sexual gratification. Daniels's exhibition of photographs depicting nude, pre-pubescent girls, in addition to his repeated contact with the girls' erogenous zones and other inappropriate behavior with respect to the victims, indicated that the contact was not mere horseplay. The convictions for gross sexual imposition were, therefore, based upon sufficient evidence.
 {¶ 11} Daniels emphasizes inconsistencies in the victims' testimony in arguing that the convictions were against the weight of the evidence. He cites, among other inconsistencies, that the victims differed in their recollections of who was present during certain events, that they disagreed as to the timing of the certain events, and that they had provided inconsistent descriptions of the nude photographs that Daniels was alleged to have shown them. Although we acknowledge that these inconsistencies tended to weaken the state's case, we cannot say that the jury lost its way in finding Daniels guilty of the offenses. We, therefore, hold that the convictions for gross sexual imposition were not against the weight of the evidence. Accordingly, we overrule the second and third assignments of error to the extent that they challenge the weight and sufficiency of the evidence to support those convictions.
 {¶ 12} We now turn to the convictions for disseminating matter harmful to juveniles. R.C. 2907.31(A)(1) provides that "[n]o person, with knowledge of its character or content, shall recklessly * * * [s]ell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile any material or performance that is obscene or harmful to juveniles." Pursuant to R.C. 2907.31(D), if the material furnished to the juvenile is obscene, as opposed to merely harmful, and if the victim is less than thirteen years of age, the violation of R.C. 2907.31 is a felony of the fourth degree.
 {¶ 13} In the case at bar, Daniels was charged with the felony offense of disseminating "obscene" matter. He argues that the evidence was insufficient to demonstrate that the photographs were obscene within the meaning of the statute. We agree.
 {¶ 14} To be classified as patently offensive and "obscene" pursuant to R.C. 2907.01(F), the material must depict or describe "hard core" sexual conduct.[4] This requirement is met if the material depicts activity meeting the definition of "sexual conduct" under R.C.2907.01(A), which defines the term as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another."[5]
 {¶ 15} In the case at bar, the photographs did not depict such activity. Even though the photographs were repugnant in their graphic display of child nudity, they were not obscene under the statutory definition. The evidence was therefore insufficient to prove a violation of the felony offense of disseminating material harmful to juveniles. Because the evidence was insufficient as a matter of law, it necessarily follows that the guilty verdicts returned on the disseminating charges were against the manifest weight of the evidence. Accordingly, the second and third assignments of error are sustained to that extent, and Daniels is ordered discharged as to those two counts.[6]
 {¶ 16} In his first assignment of error, Daniels argues that he was deprived of the effective assistance of trial counsel, because his attorney failed to request a jury instruction on the misdemeanor charge of disseminating harmful material to juveniles. And while he does not list it as a separate assignment of error, Daniels makes the related argument that the trial court erred in failing, sua sponte, to instruct the jury on the misdemeanor charge. Having held that Daniels must be discharged with respect to the two counts of disseminating harmful material, we hold that both of these arguments are rendered moot. We, therefore, do not reach the merits of the first assignment of error.
 {¶ 17} In his fourth and final assignment of error, Daniels argues that the trial court erred in adjudicating him a sexual predator. To obtain a sexual predator adjudication under R.C. 2950.09, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense, and that the offender is likely to engage in the future in one or more sexually oriented offenses.[7]
In making the determination of whether Daniels was likely to engage in future sexually oriented offenses, the trial court was to consider all relevant factors, including those enumerated in R.C. 2950.09(B)(2).[8]
 {¶ 18} In the case at bar, we find no error in the trial court's decision. The gross-sexual-imposition offenses involved two victims who were eleven years old. The evidence indicated that Daniels had used his position of trust as an assistant to the cheerleading squad to facilitate the offenses. Moreover, even though we have held that the photographs displayed to the girls were not obscene under the statutory definition, they nonetheless suggested that Daniels possessed an unnatural attraction to young girls and would be likely to re-offend. Accordingly, we overrule the fourth assignment of error.
 {¶ 19} To summarize, we affirm the portion of the trial court's judgment convicting Daniels of gross sexual imposition and classifying him a sexual predator. We reverse the convictions for disseminating material harmful to juveniles and order Daniels discharged with respect to those offenses.
Judgment accordingly.
Painter and Winkler, JJ., concur.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[3] See In Re Anderson (1996), 116 Ohio App.3d 441, 443-444,688 N.E.2d 545; State v. Mundy (1994), 99 Ohio App.3d 275, 289,650 N.E.2d 502.
[4] State v. Burgun (1978), 56 Ohio St.2d 354, 358, 384 N.E.2d 255; State v. Ward (1993), 85 Ohio App.3d 378, 381, 619 N.E.2d 1097; State v. Hunt (Jan. 15, 1997), 9th Dist. No. 96CA006414.
[5] See Ward, supra, and Hunt, supra.
[6] We express no opinion concerning whether the evidence was sufficient to convict Daniels of the misdemeanor level of the offense. Neither the state nor Daniels requested a jury instruction on the lesser offense.
[7] R.C. 2950.01(E); State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247, 743 N.E.2d 881.
[8] See Eppinger, supra at 166, 2001-Ohio-247, 743 N.E.2d 881. The specific factors are now listed in R.C. 2950.09(B)(3).